UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN A. THYMES,<br><br>    Plaintiff,<br><br>v.<br><br>EDMUND G. BROWN, et al.,<br><br>    Defendants. | Case No. 5:14-cv-02377-EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**<br><br>Re: Dkt. No. 19, 21, 28, 41, 53 |

*Pro se* Plaintiff John A. Thymes ("Plaintiff") initiated the present action asserting civil rights violations against a varied group of 70 defendants, including the State of California, Governor Edmund G. Brown, Attorney General Kamala Harris, members of the Attorney General's Office, individual state employees, the County of Los Angeles, individual county employees, the Los Angeles County Sheriff's Department, former Sheriff Leroy D. Baca, the Superior Court of the County of Los Angeles, three Superior Court judges, former Los Angeles County District Attorney Steve Cooley, members of the District Attorney's Office, attorneys of the California Appellate Project in Los Angeles, the California Department of Corrections and Rehabilitations, three state prisons, individual state prison employees, Los Angeles County Registrar-Recorder/County Clerk Dean C. Logan, former Los Angeles County Assessor John Noguez, members of the County Assessor's Office, former Los Angeles County Treasurer and Tax Collector Mark Saladino, various real estate companies and individuals in Los Angeles, and

1

various insurance and financial companies in New York (collectively, "Defendants"). In short, Plaintiff alleges Defendants engaged in numerous form of harassment, mistreatment and legal maneuvering in relation to a piece of real property located in Los Angeles that Plaintiff claims to still own, as well as in relation to a criminal case which led to Plaintiff's conviction for assorted forms of fraud .

Federal jurisdiction arises under 28 U.S.C. § 1331. Presently before the Court are Defendants' several motions to dismiss the complaint. The Court found these matters suitable for decision without oral argument pursuant to Civil Local Rule 7–1(b) and previously vacated the hearing. Having carefully reviewed the parties' briefing, the court has determined that many of Defendants' arguments are meritorious. Thus, the motions to dismiss are GRANTED for the reasons stated below.

## I. BACKGROUND

The allegations in Plaintiff's 163-page complaint appear to arise from a 2008 conviction in Los Angeles Superior Court.[1] The following is a summary of the salient portions:

In 1973, Plaintiff purchased a three-unit apartment building on 107th Street in the County of Los Angeles, from the United States Department of Housing and Urban Development ("the 107th Street Property"). Dkt. No. 1, Compl. at ¶ 249. While Plaintiff claims that he still owns the 107th Street Property, it appears that the property was actually sold at a trustee's sale in the early 1990s. Id. at ¶¶ 5, 249; Dkt. No. 20-1, Exh. A; Dkt. No. 20-2, Exh. B.[2]

In 1996, Plaintiff began receiving social security benefits, and in 2002, he began receiving social security retirement benefits. Compl. at ¶ 113.

---

[1] Since Plaintiff is proceeding without legal representation, the Court has liberally construed the complaint. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).

[2] In a motion to dismiss, the court may consider documents that are not physically attached to the complaint if "the documents' authenticity is not contested and the plaintiff's complaint necessarily relies on them." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). Here, the Court takes judicial notice of the factual background provided in Thymes v. Metropolitan Life, 103 F.3d 140 (9th Cir. 1996), and People v. Thymes, 2011 WL 2811318 (Cal. Ct. App. July 5, 2011), as well as the California Supreme Court order denying review.

2
Case No.: 5:14-cv-02377-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

In 2005, Plaintiff alleges that an investigator for the Los Angeles County Sheriff's Department and the Los Angeles District Attorney's Office notified Plaintiff that a criminal complaint had been filed against him for social services fraud. Id. at ¶¶ 115, 218. When Plaintiff contacted the social services agency, he was allegedly told that no complaint was filed against him. Id. at ¶¶ 116-17, 219-20. Nonetheless, felony charges were brought against Plaintiff for social services fraud, and Plaintiff was arrested. Id. at ¶¶ 79-81, 221-22. Plaintiff was later released on bail. Id. at ¶ 82. In 2006, Plaintiff alleges that felony charges were again brought against him for social services fraud, and again he was arrested and released on bail. Id. at ¶¶ 83-86, 223.

During pre-trial activities, Plaintiff filed a motion challenging the Superior Court's jurisdiction over the case. Id. at ¶ 299. He argued that the charges brought against the 107th Street Property were improper because he had purchased this property from a federal agency, thus making it was a federal issue rather than an issue of state law. Id. at ¶ 227. Plaintiff also argued that the alleged social services fraud was not capable of being adjudicated at the time because administrative remedies has not been exhausted. Id. at ¶ 229.

In April 2007, grand jury proceedings were held, resulting in a 30-count indictment against Plaintiff. Id. at ¶¶ 90-93, 184, 229. The court issued an arrest warrant, and Plaintiff was arraigned. Id. at ¶ 93. At the arraignment, Plaintiff was charged with 30 counts under an amended indictment that included social services fraud and attempted theft of rental proceeds belonging to the 107th Street Property's true owner. Id. at ¶¶ 129, 287. The court set bail and Plaintiff was remanded to the custody of the Men's Central Jail in Los Angeles. Id. at ¶¶ 94, 135, 212-14.

In 2008, a jury trial was held in the criminal case. Id. at ¶¶ 249, 315. Plaintiff was convicted of defrauding several public agencies, including Crystal Stairs, which is "a government-funded child care resource and referral agency that pays child care providers for qualified working parents," In-Home Supportive Services, which is a state program that "pays caretakers to provide assistance to the elderly, blind or disabled, so that these individuals may remain at home, instead of in a convalescent or residential facility," and the Supplemental Security Income program, which

is "a federal and state funded cash-based assistance program for individuals who are disabled or legally blind and meet certain income restrictions, or who are over age 65." People v. Thymes, 2011 WL 2811318, at *1-2 (Cal. Ct. App. July 5, 2011).  Additionally, Plaintiff was convicted for receiving payments to which he was not entitled when he presented himself to be the owner of the 107th Street Property, executed a deed conveying the property to himself, attempted to collect rent from the property's tenants, served one tenant with a notice to pay rent or leave the property, and filed an unlawful detainer action against the tenant. Id. at *4.

In 2009, Plaintiff was sentenced to nine years and four months in state prison. Id. at *1. Plaintiff appealed his conviction, which was affirmed by the California Court of Appeal, Second Appellate District. Id.  Thereafter, Plaintiff petitioned the California Supreme Court for review of the order affirming his conviction, but in 2011, the petition was denied. See Dkt. No. 22, Exh. 2.

Currently, Plaintiff appears to have been released from incarceration and resides in Morgan Hill, California. See Compl. at 1.  Plaintiff commenced the instant action on May 22, 2014. See id.  He alleges that Defendants falsely imprisoned and kidnapped him, conspired against him to take the 107th Street Property by using false and manufactured documents, and concealed him in prison by using unknown case numbers that no one could find. Id. at ¶¶ 121, 129-31, 133, 140, 149-50, 152, 205, 208, 210.  Plaintiff further alleges that Defendants used special courts and judges, and certain attorneys, to violate his civil rights and due process right including filing multiple charges against him for the same violations, imposing high bail amounts, and concealing him. Id. at ¶¶ 132, 154-55, 195-97, 211-16.  Furthermore, Plaintiff alleges that the Superior Court did not have jurisdiction over issues related to the 107th Street Property, and did not have jurisdiction to convict him of social services fraud. Id. at ¶ 229.

In the complaint, Plaintiff asserts the following fourteen claims against all Defendants:

4

Case No.: 5:14-cv-02377-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

| | Claim | Allegations |
|---|---|---|
| 1 | Violation of Civil Rights: Violation of Plaintiff's Unalienable Rights Secured by the U.S. and California Constitutions; Violation of Civil Rights Under Color, False Imprisonment, Without Probable Cause, No Jurisdiction, Kidnapping | Briefly, Plaintiff alleges that his constitutional rights were violated when Defendants: conspired with each other against Plaintiff, planned to conceal information regarding Plaintiff and his property, embezzled rent from Plaintiff's tenants, falsely indicted and convicted Plaintiff in order to take Plaintiff's property, and kidnapped and concealed Plaintiff in prison in order to fraudulently convey Plaintiff's property for their own use.  Compl. at ¶¶ 284, 290-91, 294-97, 311, 308, 320, 324-25. |
| 2 | Violation of Civil Rights: Fraud, Aiding and Abetting, Civil Conspiracy, Civil Liability, Declaration by Perjury | Briefly, Plaintiff alleges that the state court lacked jurisdiction because the issues raised were administrative, and Defendants devised a scheme and committed hate crimes against Plaintiff by providing false testimony in order to obtain Plaintiff's property.  Compl. at ¶¶ 328, 330. |
| 3 | Violation of Civil Rights: Discrimination, Hate Crimes, Bad Faith, Aiding and Abetting Fraud, Civil Liability, and Constructive Fraud | Briefly, in addition to the aforementioned allegations, Plaintiff alleges that Defendants: defamed Plaintiff's character and published libelous information in court documents, kidnapped Plaintiff for ransom, and set bail at an unconstitutional amount that constituted cruel and unusual punishment.  Compl. at ¶¶ 334-36. |
| 4 | Violation of Civil Rights: Malicious Prosecution, RICO, Aiding and Abetting Fraud, Constructive Fraud and Civil Conspiracy | Briefly, in addition to the aforementioned allegations, Plaintiff alleges that Defendants brought false criminal charges against Plaintiff, maliciously arrested Plaintiff, and concealed information regarding Plaintiff's incarceration, Compl. at ¶¶ 338-39, 346. |
| 5 | Violation of Civil Rights: Legal Malpractice, Civil Conspiracy, Fraud, Aiding and Abetting Fraud, RICO | Briefly, in addition to the aforementioned allegations, Plaintiff alleges that the District Attorney's Office committed misconduct because there was no complaint or grand jury indictments filed against Plaintiff.  Compl. at ¶¶ 355-57. |

| 6 | Violation of Civil Rights: Denial of Intangible Rights to Honest Services, Aiding and Abetting Fraud, Civil Conspiracy, Constructive Fraud, Kidnapping, False Imprisonment, Discrimination, RICO | Briefly, in addition to the aforementioned allegations, Plaintiff alleges that Defendants: falsely charged Plaintiff with crimes he did not commit, denied Plaintiff of due process, denied Plaintiff of his property and rental income, conducted unreasonable search and seizure, denied Plaintiff's right to use witnesses in his favor. Compl. at ¶¶ 361, 363-67. |
|---|---|---|
| 7 | Violation of Civil Rights: Violations of RICO, Aiding and Abetting Fraud, Civil Conspiracy, Kidnapping, False Imprisonment, Extortion, and Constructive Fraud | Briefly, in addition to the aforementioned allegations, Plaintiff alleges that Defendants' acts were part of a scheme to wrongfully incarcerate Plaintiff, extort bail money from him, and convert his property, and that Defendants used their positions to incarcerate Plaintiff based on false charges and fabricated evidence. Compl. at ¶¶ 372-75. |
| 8 | Violation of Civil Rights: Unjust Enrichment, Kidnapping, Constructive Fraud, False Imprisonment, Aiding and Abetting Fraud, Civil Conspiracy, and Redress | Plaintiff reasserts his previous allegations. Compl. at ¶¶ 382-84. |
| 9 | Violation of Civil Rights: Elder Abuse, Intentional Infliction of Emotional Distress, Unjust Enrichment, Kidnapping, Constructive Fraud, False Imprisonment, Aiding and Abetting Fraud, Civil Conspiracy, Continuous Redress | Plaintiff reasserts his previous allegations. Compl. at ¶¶ 386-87. |
| 10 | Violation of Civil Rights: Declaratory and Injunctive Relief, Order to Show Cause for Unjust Enrichment, Kidnapping, Constructive Fraud, False Imprisonment, Aiding and Abetting Fraud, Obstruction of Justice, Civil Conspiracy, Intentional Infliction of Emotional Distress, Violations of RICO, Redress | Plaintiff reasserts his previous allegations. Compl. at ¶¶ 390-94. |
| 11 | Violation of Civil Rights: Concealment, Obstruction of Justice, Intentional Infliction of Emotional Distress, Violation of Civil Rights, False Imprisonment, No Jurisdiction, Unjust Enrichment, Discrimination, Fraud, Constructive Fraud, Aiding and Abetting Fraud, Kidnapping, Elder Abuse | Plaintiff reasserts his previous allegations. Compl. at ¶¶ 397-99. |

| | | |
|---|---|---|
| 12 | Violation of Civil Rights: Double Jeopardy, Obstruction of Justice, Concealment, Intentional Infliction of Emotional Distress, Violation of Civil Rights, False Imprisonment, Extortion, No Jurisdiction, Unjust Enrichment, Constructive Fraud, Aiding and Abetting Fraud, Kidnapping, Elder Abuse, Res Judicata, Collateral Estoppel, Redress | Briefly, in addition to Plaintiff's aforementioned allegations, Plaintiff alleges that he was charged three times for the same offense based on false information. Compl. at ¶¶ 402-04. |
| 13 | Violation of Civil Rights: California Government Code § 7.14 Rights Under Administrative Adjudication Bill of Rights and Due Process, California Government Code §§ 11425.10-11425.60. | Plaintiff reasserts his previous allegations. Compl. at ¶¶ 406-09. |
| 14 | Violation of Civil Rights: Perjury, Theft, Destruction or Alteration of Court Records, Violations of RICO, False Declarations Before Grand Jury or Court, Intentional Infliction of Emotional Distress, Concealment, Obstruction of Justice, Violation of Civil Rights, False Imprisonment, No Jurisdiction, Unjust Enrichment, Discrimination, Constructive Fraud, Aiding and Abetting Fraud, Kidnapping, Elder Abuse, Unjust Enrichment | Plaintiff reasserts his previous allegations. Compl. at ¶¶ 411-14. |

For relief, Plaintiff seeks damages of $300,000 per day, $300,000 to $5 million per Defendant, and/or $10 million to $30 million. Compl. at 154-157, 159-163. Moreover, Plaintiff seeks declaratory and injunctive relief to cease harassment, retaliation and reprisals against him; an injunction to file the grand jury indictment that should have been filed originally; a declaration that at the filing of the grand jury indictment, Plaintiff was current in payment of his property taxes; an order instructing the current property owners to cease their claims against Plaintiff; a declaration that Plaintiff is the current owner of the property; an order instructing the state court to hear Plaintiff's eviction matter and to remove the current owner's name from the property; enjoin the current property owners from collecting rent from the tenants residing in the property; reimbursement for the rent money collected by the current property owners; and a declaration that Defendants do not have jurisdiction over the subject matter set out in the indictment. Id. at 157-159.

7
Case No.: 5:14-cv-02377-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

1  Defendants have filed seven motions to dismiss based on lack of subject matter jurisdiction due to the Rooker-Feldman doctrine, Eleventh Amendment immunity, judicial and prosecutorial immunity, lack of personal jurisdiction, and failure to state a claim.  See Dkt. Nos. 19, 21, 23, 27, 28, 41, 53.  Opposition and reply briefs have been filed.  See Dkt. Nos. 87, 37, 97, 103, 39, 102, 118, 93, 103, 44, 101, 103, 60, 99, 103, 98, 102.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1)

A Rule 12(b)(1) motion challenges subject matter jurisdiction and may be either facial or factual.  Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir.2004).  A facial 12(b)(1) motion involves an inquiry confined to the allegations in the complaint, whereas a factual 12(b)(1) motion permits the court to look beyond the complaint to extrinsic evidence.  Id.  When, as here, a defendant makes a facial challenge, all material allegations in the complaint are assumed true, and the court must determine whether lack of federal jurisdiction appears from the face of the complaint itself.  Thornhill Publ'g Co. v. General Tel. Elec., 594 F.2d 730, 733 (9th Cir.1979).  "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction."  Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir.1996).

### B. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted).  A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."  Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).  Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face."  Twombly, 550 U.S. at 556–57.

When deciding whether to grant a motion to dismiss, the court generally "may not consider

8
Case No.: 5:14-cv-02377-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir.1990). However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688–69 (9th Cir.2001).

In addition, the court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1988). However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Id.

## III. DISCUSSION

### A. Rooker-Feldman Doctrine

Defendants move to dismiss on the grounds that this Court lacks subject matter jurisdiction under the Rooker-Feldman doctrine. See Dkt. Nos. 19 at 7; 28 at 4; 41 at 5-6. Since the application of Rooker-Feldman is dispositive of all claims against all defendants, this argument will be addressed first.

Under the Rooker-Feldman doctrine, "a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court." Noel v. Hall, 341 F.3d 1148, 1154 (9th Cir. 2003). "A party disappointed by a decision of a state court may seek reversal of that decision by appealing to a higher state court," but may not "appeal to a federal district court, even if a federal question is present or if there is diversity of citizenship between the parties." Id. at 1155.

In addition to direct appeals, Rooker-Feldman also prohibits district courts from hearing de facto appeals of state-court decisions. A case can be classified as a de facto appeal "when a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court." Id. at 1156. Nor can the district court entertain issues which are "inextricably intertwined" with a de facto appeal. Id. at 1158.

Here, Plaintiff was convicted in a state court proceeding of defrauding three public agencies and of receiving payments from the 107th Street Property to which he was not entitled. He now presents in the instant federal complaint the facts and circumstances related to his conviction and subsequent incarceration. Specifically, Plaintiff alleges he discovered "major fraud" and "perjury by numerous defendants" and claims that this fraud and these perjured statements were used to obtain the indictment that led to this conviction. He further alleges through the complaint that the state court committed numerous errors while presiding over his criminal case, that the case was used to litigate "void issues, as a matter of law, pertaining to Plaintiff's property," and that the state court was "without any lawful jurisdiction" because some of the thirty charges against him asserted social services fraud. Compl. at ¶ 111.

As part of his request for relief, Plaintiff seeks orders related to his theory that the criminal indictment was erroneous. Namely, Plaintiff seeks a declaration that the state court did not have jurisdiction over the social services fraud charges, and an injunction requiring the state court to republish the indictment. In addition, Plaintiff seeks a declaration that he is the owner of the 107th Street Property, despite a criminal conviction that presumes he is not the true owner. But to obtain any of this relief based on the factual allegations, this Court would need to review whether or not the state court had jurisdiction or properly denied his motion on that topic, and would have to review the evidence that led the state court to operate under the premise that Plaintiff was not the owner of the 107th Street property. In essence, proceeding to the merits of this case would require a review of the correctness of the criminal proceeding the resulted in Plaintiff's fraud conviction. As such, this action meets the definition of a de facto appeal.

Moreover, Plaintiff's constitutional and civil rights claims are not properly before the district court because they are "inextricably intertwined" with the prohibited de facto appeal. See Noel, 341 F.3d at 1158 ("Only when there is already a forbidden de facto appeal in federal court does the 'inextricably intertwined' test come into play . . . ."). A claim is "inextricably intertwined" with a state court judgment if "the federal claim succeeds only to the extent that the state court wrongly decided the issues before it, or if the relief requested in the federal action

would effectively reverse the state court decision or void its ruling." Fontana Empire Ctr., LLC v. City of Fontana, 307 F.3d 987, 992 (9th Cir. 2002) (internal quotations and citations omitted). In this case, Plaintiff asserts fourteen claims for civil rights violations that stem from his conviction and incarceration. More specifically, Plaintiff alleges that Defendants conspired to first indict and then convict Plaintiff in order to take the 107th Street Property, provided false testimony for the same purpose, kidnapped him by putting him in prison, set high bail amounts constituting cruel and unusual punishment, and brought false criminal charges and maliciously prosecuted him. For rather obvious reasons, these alleged violations are inextricably intertwined with the de facto appeal of Plaintiff's criminal conviction because the court cannot reach them without examining the correctness of the state court proceedings. In other words, to decide whether Plaintiff has asserted a valid civil rights claim, the Court would need to determine whether or not the state court criminal proceedings were properly instituted, maintained and decided. That inquiry is the province of the California appellate courts, not the federal district court. Thus, much like the portion of his complaint that renders this case a de facto appeal, the court lacks jurisdiction over Plaintiff's inextricably-intertwined civil rights claims.

Although only three of the seven motions to dismiss raise a Rooker-Feldman argument, this entire action against all Defendants falls within the purview of the doctrine because all claims against all Defendants depend on a review of the correctness of the criminal proceedings, and Plaintiff seeks the same monetary, declaratory, and injunctive relief for all claims against all Defendants. See Cooper v. Ramos, 704 F.3d 772, 777-78 (9th Cir. 2012) (noting that close attention is paid to the relief sought by the plaintiff). That being the case, the Rooker-Feldman doctrine presents a threshold bar to federal subject matter jurisdiction over this entire case.

For these reasons, the Court concludes that it lacks subject matter jurisdiction due to the Rooker-Feldman doctrine, and Plaintiff's complaint will be dismissed.

### B.   Eleventh Amendment Immunity

Although application of the Rooker-Feldman doctrine is dispositive, the Court will address other reasons why this action cannot proceed.

11
Case No.: 5:14-cv-02377-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

Plaintiff's claims against state actors also fail due to Eleventh Amendment immunity. The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any foreign state." U.S. Const. amend. XI. This language has been interpreted as a general bar to suits in federal court against a state government by that state's own citizens, by citizens of another state, or by citizens of a foreign state, and bars both federal and pendant state claims. See Montana v. Goldin, 394 F.3d 1189, 1195 (9th Cir.2005); see also Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 120-21 (1984) (holding that Eleventh Amendment immunity "applies . . . to state-law claims brought into federal court under pendent jurisdiction."). In other words, unless sovereign immunity is clearly and unequivocally waived, the states are immune from suit in federal court. See Sossamon v. Texas, 131 S. Ct. 1651, 1658 (2011).

Eleventh Amendment immunity is subject to a narrow exception "where the relief sought is prospective in nature and is based on an ongoing violation of the plaintiff's *federal* constitutional or statutory rights." Cent. Reserve Life of N. Am. Ins. Co. v. Struve, 852 F.2d 1158, 1160-61 (9th Cir.1988) (emphasis preserved); Pennhurst, 465 U.S. at 99. In order to invoke this exception, a plaintiff must allege an ongoing violation of federal law and seek prospective relief from a state official. See Porter v. Jones, 319 F.3d 483, 490 (9th Cir.2003) ("Under the doctrine of Ex parte Young, suits against an official for prospective relief are generally cognizable, whereas claims for retrospective relief (such as damages) are not.").

Here, Plaintiff asserts civil rights claims against several state actors, including the Superior Court in Los Angeles County, three Superior Court judges, the California Department of Corrections and Rehabilitation, California Governor Brown through his role as former California Attorney General, current California Attorney General Harris, and the Los Angeles County District Attorney's Office. It is well established that suits against these entities and their employees acting in their official capacities are barred by the Eleventh Amendment. See Simmons v. Sacramento Cnty. Super. Ct., 318 F.3d 1156, 1161 (9th Cir. 2003) (ruling that suits

12
Case No.: 5:14-cv-02377-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

against the Superior Court or its employees are barred by the Eleventh Amendment); Brown v. Or. Dep't of Corr., 751 F.3d 983, 988-89 (9th Cir. 2014) (affirmed that claims against the Department of Corrections and individual defendants in their official capacities are barred by the Eleventh Amendment); Weiner v. San Diego Cnty., 210 F.3d 1025, 1031 (holding that a district attorney is a state officer when deciding to prosecute an individual). Since Plaintiff's claims seek monetary damages from these Defendants, the claims fall within the scope of the Eleventh Amendment bar and cannot be asserted in federal court. They must be dismissed because Plaintiff cannot state a plausible damages claim against these state entities.

Plaintiff's request for injunctive relief also fails. The narrow exception to Eleventh Amendment immunity only applies where there is an ongoing violation of federal law. There is no such violation alleged in the complaint since Plaintiff relies on factual allegations that stem from a past indictment and conviction, and Plaintiff has since been released from incarceration. Thus, Plaintiff cannot invoke the Eleventh Amendment exception.

In sum, Plaintiff's claims against state actors fail because they are barred by Eleventh Amendment immunity.

### C. Judicial Immunity

An additional reason for dismissing Plaintiff's claims against state court judges is judicial immunity. "A judge is generally immune from a civil action for damages," as well as from actions for declaratory, injunctive and other equitable relief. Moore v. Brewster, 96 F.3d 1240, 1243 (9th Cir. 1996). This immunity applies no matter how erroneous or injurious the alleged act, and is not lost through a judge's grave procedural errors or acts in excess of jurisdiction. Id. at 1244. Furthermore, this immunity protects judges even when a conspiracy with one party against another is alleged. Id.

Here, Plaintiff alleges claims against Superior Court Judges Steven R. Van Sicklen, Curtis B. Rappe, and Ruffo Espinosa, Jr. Plaintiff's allegations relate to actions each took in their official capacities as state court judges, such as presiding over Plaintiff's indictment, arraignment, trial, and sentencing. Regardless of how injurious or incorrect Plaintiff believes their decisions to

1  be, the claims and requests for relief fall squarely within the scope of what is prohibited by judicial

2  immunity.  Moreover, Plaintiff's allegation that the state court judges lacked subject matter

3  jurisdiction over the indictment and conviction is barred under the Rooker-Feldman doctrine

4  because this Court could not reach the issue without conducting a review of the decision denying

5  his motion on that issue.  Therefore, the Superior Court judges are immune from the claims

6  asserted against them.

####    D.    Prosecutorial Immunity

Plaintiff's claims against the prosecutor Defendants also fail due to absolute prosecutorial immunity.  This immunity applies when a prosecutor acts as an officer of the court, such as in preparing to initiate a judicial proceeding, appearing in court to present evidence in support of a search warrant application, making statements at trial, use of evidence, and reliance on testimony. Van de Kamp v. Goldstein, 555 U.S. 335, 343 (2009); Jackson v. Barnes, 749 F.3d 755, 766-67 (9th Cir. 2014).  Immunity does not apply, however, when a prosecutor engages in investigative or administrative tasks, such as giving advice to police during a criminal investigation, making statements to the press, or acting as a complaining witness in support of a warrant application. Van de Kamp, 555 U.S. at 342-43.

To the extent Plaintiff attempts to state a claim against the County of Los Angeles and its prosecutors, it is barred by absolute prosecutorial immunity.  Plaintiff alleges that Defendants falsely accused and incarcerated him, and that they maliciously prosecuted him.  Plaintiff's claims arise from the prosecutors' official acts of initiating and conducting judicial proceedings against Plaintiff.  Therefore, the prosecutors involved in Plaintiff's criminal case are immune from the claims asserted against them.

####    E.    Leave to Amend

The Court finally considers whether Plaintiff should be permitted leave to amend. Although leave should be freely given, dismissal without leave to amend is proper if "the complaint could not be saved by any amendment."  Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ., 616 F.3d 963, 972 (9th Cir. 2010) (internal citations and quotations

omitted). Such is the case here. Since the complaint makes clear that Plaintiff's claims are based on conduct that could never support liability due to the Rooker-Feldman doctrine, Eleventh Amendment immunity, and judicial and prosecutorial immunity, allowing for further amendment would be futile. Accordingly, Plaintiff's claims will be dismissed without leave to amend.

## IV. CONCLUSION

Based on the foregoing, Defendants' motions to dismiss are GRANTED. See Dkt. Nos. 19, 21, 28, 41, 53. All other pending motions are DENIED AS MOOT. See Dkt. Nos. 23, 27, 64, 74, 84, 134, 145, 146, 151, 162, 163. All claims against Defendants are DISMISSED WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND. See Freeman v. Oakland Unified Sch. Dist., 179 F.3d 846, 847 (9th Cir. 1999) (holding that dismissals for lack of subject matter jurisdiction should be without prejudice). The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March 31, 2015



EDWARD J. DAVILA
United States District Judge

15
Case No.: 5:14-cv-02377-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS