UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN A. THYMES,<br><br>    Plaintiff,<br><br>    v.<br><br>EDMUND G. BROWN, et al.,<br><br>    Defendants. | Case No. 5:14-cv-02377-EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, OR IN THE ALTERNATIVE, MOTION TO VACATE AND SET ASIDE COURT'S ORDER**<br><br>Re: Dkt. No. 168 |

*Pro se* Plaintiff John A. Thymes ("Plaintiff") initiated the present action asserting civil rights violations against a varied group of 70 defendants, including the State of California, Governor Edmund G. Brown, Attorney General Kamala Harris, state and local elected officials, state and local government employees, and private entities and individuals. In his complaint, Plaintiff asserted fourteen claims alleging that defendants conspired against Plaintiff, concealed information regarding Plaintiff's incarceration and real property, falsely indicted and convicted Plaintiff in order to take his real property, and violated his due process rights, among other allegations. See Dkt. No. 1 ("Compl."). On March 31, 2015, this Court issued its Order Granting Defendants' Motions to Dismiss, and dismissed Plaintiff's complaint without prejudice and without leave to amend. See Dkt. No. 167 ("March 31Order").

Presently before the Court are two matters coming in response to the March 31 Order: (1) Plaintiff's Motion for Reconsideration, or in the alternative (2) Plaintiff's Motion to Vacate and Set Aside the Court's Order. See Dkt. No. 168 ("Mot."). For the following reasons, Plaintiff's

1

Case No.: 5:14-cv-02377-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, OR IN THE
ALTERNATIVE, MOTION TO VACATE AND SET ASIDE COURT'S ORDER

motions are DENIED.

## I. MOTION FOR RECONSIDERATION

### A. Plaintiff Did Not Seek Leave To File A Motion For Reconsideration

Pursuant to the Civil Local Rule 7–9(a) for the Northern District of California, a party seeking to file a motion for reconsideration must first seek leave to file a motion for reconsideration. Here, Plaintiff did not seek leave to file a motion for reconsideration. Therefore, the instant motion fails for this reason alone.

### B. The Court's Decision Was Not Erroneous Or Manifestly Unjust

Even if Plaintiff were to seek leave to file a motion for reconsideration, the motion would still be denied. The standard for a motion for reconsideration is the following: "A district court may properly reconsider its decision if it (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Smith v. Clark Cnty. Sch. Dist., 727 F.3d 950, 955 (9th Cir. 2013). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Pac. Coast Fed'n of Fishermen's Ass'n v. Locke, 2011 WL 289927, at *2 (N.D. Cal. Jan. 27, 2011) (Breyer, J.). "A decision is manifestly unjust if it contains an error that is direct, obvious, and observable." Id.

Here, Plaintiff contends that the Court abused its discretion and committed clear error by denying him the opportunity to be heard when the Court vacated the motion hearing, denying him the opportunity to conduct discovery, and denying him due process by taking the motions to dismiss under submission. Mot. at 12-13. Plaintiff argues that the dismissal of the case constitutes "abuse," is discriminatory and in violation of his constitutional rights, and gives rise to a Bivens claim that includes conspiracy. Id. at 14. Plaintiff further argues that the Court ignored state and federal law, bankruptcy law, and the Federal Rules of Civil Procedure. Id.

Plaintiff's arguments are misplaced. The Ninth Circuit has directly held that a district

2

Case No.: 5:14-cv-02377-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, OR IN THE
ALTERNATIVE, MOTION TO VACATE AND SET ASIDE COURT'S ORDER

1  court does not abuse its discretion or deny due process by granting a motion without allowing for
2  oral argument. See Edgerly v. City & Cnty. of S.F., 599 F.3d 946, 963 n.21 (9th Cir. 2010)
3  (finding that the district court did not abuse its discretion in granting a motion without allowing
4  oral argument); Hills v. Cal. Dep't of Health & Human Servs., 59 Fed. Appx. 995, 996 (9th Cir.
5  2003) (same).

6  Moreover, dismissal for lack of subject matter jurisdiction due to the Rooker-Feldman
7  doctrine is not an "abuse" or a violation of constitutional rights. See March 31 Order at 9-11.
8  Indeed, the Ninth Circuit has found Rooker-Feldman to be a proper basis for dismissing a case.
9  See Ignacio v. Judges of U.S. Ct. of App. for Ninth Cir., 453 F.3d 1160, 1165-66 (9th Cir. 2006)
10 (holding that "because the complaint is nothing more than another attack on the California
11 superior court's determination in [plaintiff's] case and the related determinations made by the
12 federal courts that they lack subject matter jurisdiction, the district court properly dismissed the
13 case").

14 Furthermore, to the extent Plaintiff contends that the Court ignored the law, it is unclear
15 how the bankruptcy and foreclosure statutes Plaintiff cites supports this proposition. In fact, this
16 argument reinforces the Court's decision to dismiss the lawsuit under the Rooker-Feldman
17 doctrine because it is apparent that Plaintiff seeks to challenge the state court's decisions
18 pertaining to the real property.

19 Lastly, Plaintiff seeks leave to amend his complaint and argues that the Court committed
20 clear error when it denied him leave to amend. Mot. at 22-23. Plaintiff states that his claims of
21 deprivation of procedural due process, unlawful taking of property, setting aside foreclosure sale,
22 and cancellation of instrument are not barred by the Rooker-Feldman doctrine. Id. at 19. Plaintiff
23 further rehashes the arguments that the foreclosure sale of his alleged property is void as a matter
24 of law, and that certain defendants violated his constitutional rights. Id. at 6-9, 21-22. However,
25 Plaintiff does not state what amendments he could make to override the Rooker-Feldman bar. As
26 the Court has already explained, Plaintiff's arguments pertaining to the foreclosure sale and the

3

Case No.: 5:14-cv-02377-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, OR IN THE
ALTERNATIVE, MOTION TO VACATE AND SET ASIDE COURT'S ORDER

alleged violations of constitutional rights are inextricably intertwined with Plaintiff's improper challenge to the state court's criminal proceedings. See March 31 Order at 10-11. Given that Plaintiff has not offered a new argument as to how an amended complaint would rehabilitate his case and provide for subject matter jurisdiction, leave to amend would still be futile.

Accordingly, the Court's decision to dismiss Plaintiff's complaint and deny leave to amend was not clearly erroneous or manifestly unjust. Therefore, Plaintiff's Motion for Reconsideration is DENIED.

## II.   MOTION TO VACATE AND SET ASIDE COURT'S ORDER

Federal Rule of Civil Procedure 60(b) provides:[1]

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Here, Plaintiff presents the same arguments as in his Motion for Reconsideration. For the same reasons as above, Plaintiff has not offered a meritorious argument that would justify the setting aside of the March 31 Order. Accordingly, Plaintiff's Motion to Vacate and Set Aside Court's Order is DENIED.

---

[1] While Plaintiff does not specify the authority for his Motion to Vacate and Set Aside Court's Order, the Court presumes that the motion is pursuant to Federal Rule of Civil Procedure 60(b).

4
Case No.: 5:14-cv-02377-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, OR IN THE ALTERNATIVE, MOTION TO VACATE AND SET ASIDE COURT'S ORDER

## III. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion for Reconsideration, or in the alternative, Motion to Vacate and Set Aside Court's Order.

**IT IS SO ORDERED.**

Dated: April 28, 2015



EDWARD J. DAVILA
United States District Judge

Case No.: 5:14-cv-02377-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, OR IN THE ALTERNATIVE, MOTION TO VACATE AND SET ASIDE COURT'S ORDER